NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

____________

Nos. 15-3360 and 15-3361

____________

MATTHEW CONTE

v.

JOSE R. RIOS, an incarcerated individual;
RANDY RUEDIGER, in his individual and official capacity;
MIDDLESEX TOWNSHIP; DAVID WELLINGTON, in his
individual and official capacity; MARS BOROUGH;
OFFICER ANDRA SCHMID, in her individual and
official capacity; ADAMS TOWNSHIP

David Wellington,
Appellant No. 15-3360

Randy Ruediger,
Appellant No. 15-3361

____________

On Appeal from United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 3-14-cv-00225)
District Judge: Honorable Kim R. Gibson

____________

Argued June 21, 2016
Before: FISHER, GREENAWAY JR. and ROTH, *Circuit Judges*.

(Filed: August 1, 2016)

Louis C. Long, Esq. **[ARGUED]**
Suzanne B. Merrick, Esq.

Thomas Thomas & Hafer
525 William Penn Place
37th Floor, Suite 3750
Pittsburgh, PA 15219
*Counsel for David Wellington*

Scott G. Dulop, Esq.
Paul D. Krepps, Esq.
April L. Cressler, Esq.
Christian D. Marquis, Esq.
Marshall Dennehey Warner Coleman & Goggin
600 Grant Street
2900 U.S. Steel Tower
Pittsburgh, PA 15219

John J. Hare, Esq.
Shane Haselbarth, Esq. **[ARGUED]**
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendants and Randy Ruediger*

Steven M. Toprani, Esq.
Dodaro Matta & Cambest
1001 Ardmore Boulevard, Suite 100
Pittsburgh, PA 15221

David V. Weicht, Esq. **[ARGUED]**
Alexander B. Wright, Esq.
Leech Tishman Fuscaldo & Lampl
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
*Counsel for Matthew Conte*

OPINION[*]

FISHER, *Circuit Judge*.

Matthew Conte filed a complaint in the Western District of Pennsylvania asserting a substantive due process claim pursuant to 42 U.S.C. § 1983 against appellants, Sergeant Randy Ruediger, an officer from the Middlesex Township Police Department, and Officer David Wellington of the Mars Borough Police Department. Conte then filed an amended complaint. In response, the appellants filed individual motions to dismiss. In those motions they asserted, in part, that they were entitled to qualified immunity. The District Court deferred ruling on the qualified immunity issue and denied the motions to dismiss without prejudice. We will vacate the qualified immunity section of the District Court's order and remand.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.[1]

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In reviewing an order denying a motion to dismiss on qualified immunity grounds, this Court must accept the plaintiff's allegations as true and draw all inferences in his favor. *George v. Rehiel*, 738 F.3d 562, 571 (3d Cir. 2013).

The events that gave rise to this action took place in June 2013. José Rios was parked on a public street in Middlesex Township, Pennsylvania when Ruediger noticed him. Ruediger initiated contact and then falsely suggested to Rios that he was a suspect despite the fact that Rios was not involved in any suspicious or illegal activity. Rios panicked and fled the scene. A chase ensued.

During the chase, Wellington and another officer[2] joined Ruediger. The three officers followed Rios through residential and commercial areas, sometimes reaching speeds of 110 to 120 miles per hour. The traffic was so heavy at one point that the third officer backed off of his pursuit of Rios when he was caught in a line of stopped cars. Because of these conditions, Wellington radioed Ruediger and questioned whether they should terminate the chase. Ruediger radioed the Northern Regional Police, who had jurisdiction at that point, to get clearance to continue but did not wait for a response and continued to follow Rios.

The chase ended when Rios crashed into Conte's vehicle while Conte was waiting at a red light at a shopping center intersection. Rios was traveling approximately 80 miles per hour when he hit Conte.

Conte filed a § 1983 complaint in the Western District of Pennsylvania against the three officers, in their individual capacities, and their respective townships. He asserted that the officers' pursuit of Rios deprived him of his rights under the Fourteenth Amendment. Conte later filed an amended complaint.

[2] The other officer is not involved in this appeal.

The appellants individually filed motions to dismiss the amended complaint, asserting in part that they were entitled to qualified immunity. The District Court denied their motions without prejudice, deferring a ruling on the qualified immunity issue. The District Court found that the amended complaint was sufficient to state a Fourteenth Amendment claim, but that more discovery was needed because of unresolved factual issues. The appellants individually appealed the District Court's qualified immunity decision and their appeals were consolidated.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). This Court may have jurisdiction over a collateral order, such as the one here, if it is deemed final under 28 U.S.C. § 1291. This Court may review a qualified immunity ruling when the order appealed from "turns on an issue of law" because it is then deemed final.[3] Conversely, if the qualified immunity question "turns on the sufficiency of the evidence, it may not be appealed until the district court enters final judgment in the case."[4]

We have held that, where a district court holds that a complaint is sufficiently pleaded but defers ruling on a qualified immunity defense, "the practical effect of the district court's order [is] a denial of the defense of qualified immunity."[5] As such, "'[a] district court's perceived need for discovery does not impede immediate appellate review

---

[3] *Dougherty v. Sch. Dist. of Phila.*, 772 F.3d 979, 986 (3d Cir. 2014) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

[4] *Walker v. Horn*, 286 F.3d 705, 710 (3d Cir. 2002) (quoting *In re Montgomery Cty.*, 215 F.3d 367, 374 (3d Cir. 2000)).

[5] *George*, 738 F.3d at 571.

of . . . legal questions . . . . [U]ntil [the] threshold immunity questions are resolved, discovery should not be allowed.'"[6]

The District Court deferred ruling on the qualified immunity issue, reasoning that more discovery was necessary for the remaining material factual issues but did not specifically state what those issues were. The District Court deferred ruling only after considering whether the amended complaint had sufficiently established Conte's § 1983 claims. Under *George*, this Court has jurisdiction because the District Court deferred ruling on the qualified immunity issue only after it had considered the sufficiency of the § 1983 claims.

III.

Qualified immunity is an affirmative defense that shields government officials from liability for civil damages. In deciding whether to grant an official qualified immunity, the court must consider two questions: One, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged [in the complaint] show the officer's conduct violated a constitutional right?"[7] Two, was that right "clearly established."[8] The order of these two prongs is interchangeable.[9]

Here, the District Court identified the right at issue. The District Court then found that there were disputed issues of material fact and went no further, deferring a decision

---

[6] *Id.* (quoting *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 66 (2d Cir. 1999)).

[7] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[8] *Id.*

[9] *Pearson v. Callahan*, 555 U.S. 223, 241–42 (2009) ("[R]igid adherence to *Saucier* departs from the general rule of constitutional avoidance.").

on the qualified immunity issue. It reached this conclusion, however, without determining whether Conte's Fourteenth Amendment right was clearly established at the time of the conduct at issue. Moreover, the District Court failed to identify what factual issues were relevant to its deferral. These omissions constitute legal error that requires us to vacate the order denying the appellants' motions to dismiss.[10] If the District Court at that point determines that such a right was clearly established, it may then determine whether the facts it already found to be in dispute—facts that were not clearly specified in its order—are material to assessing whether that right was violated.

IV.

For the reasons set forth above, we will vacate the qualified immunity section of the District Court's order and remand. In vacating this order, we are not foreclosing any opportunity Conte may have to further amend his pleadings.[11]

---

[10] *Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 149 (3d Cir. 2002) ("[D]ispositions of a motion in which a party pleads qualified immunity include, at minimum, an identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues."); *see also Grant v. City of Pittsburgh*, 98 F.3d 116, 123 (3d Cir. 1996) ("On remand the district court should analyze separately the conduct of each [defendant] against the constitutional right allegedly violated.").

[11] Leave to amend must be granted sua sponte before dismissing civil rights complaints, unless doing so would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).